UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE RADIOLOGISTS LTD., S.C., and MEDICAL DIAGNOSTICS IMAGING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COWBELL CYBER, INC. and SPINNAKER INSURANCE COMPANY,<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Cowbell Cyber, Inc. ("Cowbell") and Spinnaker Insurance Company ("Spinnaker"), by and through their counsel, Lance D. Meyer of O'Meara Wagner, P.A., hereby remove the civil action pending in the Circuit Court of Milwaukee County, Wisconsin, bearing Docket No. 2025CV007570 (the "Insurance Coverage Action"), to this Court pursuant to 28 U.S.C §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332, on the following grounds:

1. In the Insurance Coverage Action, plaintiffs Milwaukee Radiologists LTD., S.C. ("MRL"), and Medical Diagnostics Imaging, LLC ("MDI") seek declaratory relief and damages arising out of Spinnaker's disclaimer of coverage for claims made under a cyber insurance policy Spinnaker issued to MRL. MDI is identified as an additional insured on the Policy. MRL and MDI also allege claims for common law and statutory bad faith, as well as a claim for punitive damages.

2. As more fully set forth below, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

50912862v.1

Case 2:25-cv-01689-WCG   Filed 10/31/25   Page 1 of 5   Document 1

# REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interests. *See* Complaint, attached hereto as Ex. 1.

**A. Diversity of Citizenship Exists Between the Parties**

**1. The Citizenship of Plaintiffs**

4. MRL is a Wisconsin service corporation with its principal place of business located in Brookfield, Wisconsin. *See* Complaint, Ex. 1. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

5. MDI is a Wisconsin limited liability company with its principal place of business located in Milwaukee, Wisconsin. *See* Complaint, Ex. 1. Plaintiffs have informed defendants that all of MDI's members are citizens of Wisconsin. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("But for diversity of jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members."); Civil L. R. 8 ("If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.").

**2. The Citizenship of the Defendants**

6. Neither Cowbell nor Spinnaker are citizens of Wisconsin.

7. Spinnaker is an Illinois corporation engaged in the insurance business with a principal place of business at 1 Pluckemin Way, Suite 102, Bedminister, NJ 07921. Accordingly, Spinnaker is a citizen of Illinois and New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to

be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

8. Although the Complaint identifies Spinnaker's agent for service of process, the Corporation Service Company, as having an address at 33 E. Main Street, Suite 610, Madison, WI 53703, that is irrelevant to determining Spinnaker's citizenship. *See Duzer Realty Corp. v. U.S. Underwriters Ins. Co.*, 2012 WL 2872306, at *2 (E.D.N.Y. July 6, 2012) ("Where and by what means a party accepts service of process has no bearing on its citizenship"); *Roe v. CitiMortgage, Inc.*, 2011 WL 2516511, at *2 (C.D. Ca. June 22, 2011) ("The location of Litton's registered agent, however, is irrelevant in determining Litton's citizenship.")

9. Cowbell is a Delaware corporation with a principal place of business at 6800 Koll Center Parkway, Pleasanton, California. Accordingly, Cowbell is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

10. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists.

**B. The Amount in Controversy Requirement is Satisfied**

11. In their Complaint, MRL and MDI seek a declaration that Spinnaker is obligated to provide coverage to them for their "substantial" losses in an amount to be determined at trial. MRL and MDI seek coverage under the Business and Contingent Business Income and Extra Expense Insuring Agreement, which provides a coverage limit of $1,000,000. According to the information provided to Defendants before the lawsuit was filed, MRL and MDL incurred losses of not less than $750,000. In addition to seeking contractual damages, MRL and MDI allege bad faith and are seeking punitive damages. *See Camelot Banquet Rooms, Inc. v. Mesa Underwriters Specialty Ins.*

3

50912862v.1

Case 2:25-cv-01689-WCG    Filed 10/31/25    Page 3 of 5    Document 1

*Co.*, 2025 WL 1807415, at *1 (E.D. Wis. July 1, 2025) (finding that the amount in controversy requirement was satisfied because plaintiff could recover more than $75,000 with a punitive damages award). Therefore, upon information and belief, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest, fees, and costs. *See* Complaint, Ex. 1.

**C. Removal is Timely**

12. Cowbell was served with the Complaint on October 6, 2025 *See* Ex. 2. Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30-days after receipt by Cowbell through service of a copy of the Summons and Complaint.

13. Spinnaker was served with the Complaint on October 6, 2025. *See* Ex. 3. Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed within 30-days after receipt by Spinnaker, through service of a copy of the Summons and Complaint.

14. The United States District Court for the Eastern District of Wisconsin embraces the locality in which the Insurance Coverage Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

**D. Venue and Other Requirements are Satisfied**

15. The United States District Court for the Eastern District of Wisconsin includes Milwaukee County, the County in which the Insurance Coverage Action is now pending. Therefore, venue is proper because the Eastern District of Wisconsin is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

16. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and to the Clerk of the Circuit Court of Milwaukee County, Wisconsin. A copy of the Notice of Filing of Notice of Removal to be filed with the Circuit Court of Milwaukee County, Wisconsin, and served upon Plaintiffs is attached as Exhibit 6.

4

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cowbell and Spinnaker in the state court action are attached as Exhibits 4a and 4b.

18. The Clerk of the Circuit Court of Milwaukee County, Wisconsin, has been requested to submit a certified copy of the entire state court record to this Court for filing. A copy of the current circuit court docket sheet is attached hereto as Exhibit 5.

19. No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses and motions are hereby preserved.

20. The right to supplement this Notice of Removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

**WHEREFORE**, Defendants Cowbell and Spinnaker respectfully remove this action from the Circuit Court of Milwaukee County, Wisconsin to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to this removal, the removing Defendants respectfully request an opportunity to provide briefing and oral argument as to why removal is proper.

Respectfully submitted,

O'MEARA WAGNER, P.A.

Date: October 31, 2025

s/ *Lance D. Meyer*
Lance D. Meyer (WI #111379)
7401 Metro Boulevard, Suite 600
Minneapolis, Minnesota 55439-3034
Telephone: (952) 831-6544
Facsimile: (952) 893-8398
E-mail: LDMeyer@OLWKLaw.com

***Attorneys for Defendants, Cowbell Cyber, Inc. and Spinnaker Insurance Company***